# EXHIBIT "A"

# BEVSYSTEMS INTERNATIONAL, INC.
## AND BEVSYSTEMS INTERNATIONAL, LTD. CREDITOR TRUST AGREEMENT

This Creditor Trust Agreement ("Agreement") is made by Bevsystems International, Inc. and Bevsystems International, Ltd. (the "Debtors"), in the bankruptcy cases respectively styled: *In re Bevsystems International, Inc.*, Case No. 04-bk-6248 and *In re Bevsystems International, Ltd.*, Case No. 04-bk-11900 (the "Reorganization Cases"), pending in the United States Bankruptcy Court for the Middle District of Florida, and **Larry Hyman**, the trustee of the Creditor Trust ("Creditor Trustee") created under this Agreement in accordance with the Debtors' plan of reorganization.

## WITNESSETH:

**WHEREAS**, the United States Bankruptcy Court confirmed the Debtor's Plan of Reorganization ("Plan") under Chapter 11 of the Bankruptcy Code; and

**WHEREAS**, the Plan provides for the creation of an irrevocable creditor trust for the benefit of the holders of allowed unsecured claims (as defined in the Plan) (collectively, the "Trust Beneficiaries" or "Beneficiaries") pursuant to the Plan;

**WHEREAS**, this Agreement is executed to establish the creditor trust, which trust is to be known as "Bevsystems International Creditor Trust" ("Creditor Trust") in accordance with Treas. Reg. § 301.7701-4(a) and (d), the sole purpose of which is to facilitate the implementation of the Plan and not to engage in the conduct of an active trade or business;

**WHEREAS**, the corpus of the Creditor Trust and all income earned thereon remaining after reimbursement of the litigation reserve contribution (the "Litigation Reserve Contribution") as defined in the Plan advanced by Rotate Black, LLC ("Rotate Black"), and satisfaction of all trust expenses and liabilities, (the "Creditor Fund"), shall be used for the purpose of paying Debtors' unsecured creditors in accordance with the Plan;

**WHEREAS**, the parties to this Agreement desire that the Creditor Trust created pursuant to this Agreement qualify as a creditor trust in accordance with Treas. Regs. § 301.7701-4(d) and that on qualification, the Creditor Trust shall be taxed as a grantor trust under and in accordance

with the relevant provisions of the Internal Revenue Code of 1986, as amended (the "Code") and the Treasury Regulations pertaining thereto.

NOW, THEREFORE, in consideration of the premises and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and subject to the terms and conditions of this Agreement and the Plan, the Settlor and Creditor Trustee have executed this Agreement for the sole benefit of the Trust Beneficiaries and no other party as follows:

## ARTICLE 1
## GRANT, ACCEPTANCE, NAME AND DEFINITIONS

1.1 **Grant**.

The Debtors hereby grant, assign, transfer, convey, deliver, delegate and set over unto the Creditor Trustee the trust estate (the Trust Estate) comprised of the Debtors' reserved property as defined in the Plan (the "Reserved Property") and the reserved claims and causes of action as defined in the Plan (the "Reserved Causes of Action") in trust for the benefit of the Trust Beneficiaries and subject to the terms and provisions set out below and in the Plan. For tax purposes, this transfer will be treated as a deemed transfer to the Trust Beneficiaries followed by a deemed transfer by the Trust Beneficiaries to the Trust, in accordance with Revenue Procedure 94-45, 1994-2 C.B. 684.

(i) The Debtors and the Chapter 11 trustee (the "Trustee") hereby irrevocably grant, assign, transfer, convey, deliver, delegate and set over unto the Creditor Trustee all of the authority, rights, powers and duties previously vested in the Debtors and/or the Trustee to prosecute the (the "Reserved Causes of Action"). Further, the Creditor Trust is designated as the representative of Debtors' estates and the Creditor Trust is duly authorized to prosecute any and all of the Reserved Causes of Action for the benefit of Debtors' creditors.

(ii)     The Debtors and the Trustee hereby irrevocably grant, assign, transfer, convey, deliver, delegate and set over unto the Creditor Trustee all of the authority, rights, powers and duties previously vested in the Debtors and the Trustee to liquidate the Reserved Property for the benefit of Debtors' creditors. Further, the Creditor Trust is designated as the representative of Debtors' estates and the Creditor Trust is duly authorized to liquidate any and all of the Reserved Property for the benefit of Debtors' creditors.

(iii)     To the extent that any law, regulation or contractual provision prohibits the transfer of ownership of any of the Trust Estate from the Debtors to the Creditor Trust or the Creditor Trustee, or if for any reason the Debtors shall retain or receive at any point any property which is included in or intended under the Plan and this Agreement to be included in the definition of Trust Estate, then the Debtors shall and are hereby deemed to hold such property (and any proceeds or products thereof) in trust for the Trust Beneficiaries of the Creditor Trust and shall promptly notify the Creditor Trustee of the existence of such property and shall promptly take such actions with respect to such property as the Creditor Trustee shall direct in writing. It is intended that the Trust Estate transferred pursuant to this paragraph shall provide the Trust Beneficiaries with distributions on account of their allowed unsecured claims pursuant to and in accordance with the Plan.

(iv)     This transfer will be treated for tax purposes as a deemed transfer to the Trust Beneficiaries followed by a deemed transfer by the holders of the allowed unsecured claims to the Trust, in accordance with Revenue Procedure 94-45, 1994-2 C.B. 684. The taxation of the initial transfer from the Beneficiaries to the Creditor Trust will be guided by provisions of Internal Revenue Code Sections 61(a)(12), 483, 1001, 1012 and 1274.

(v)     The Creditor Trustee hereby accepts the Trust Estate and the Trust created hereunder, subject to the terms and provisions set out below and in the Plan on behalf of and for the benefit of the Trust Beneficiaries.

1.2     **Name**. The trust created pursuant to the terms hereof shall be known as the Bevsystems International Creditor Trust and shall be referred to herein as the "Creditor Trust."

1.3     **Certain Terms Defined**. For all purposes of this Agreement, the capitalized terms used herein shall have the following meanings:

(a)     "Agreement" shall mean this Creditor Trust Agreement as originally executed or as it may from time to time be amended pursuant to the terms hereof;

(b) "Creditor Fund" shall mean the monies in the Creditor Trust remaining after payment of the Creditor Trust Expenses and reimbursements to Rotate Black of the Litigation Reserve Contribution.

(c)"Creditor Trust" shall mean the trust established pursuant to Article VI of the Plan.

(d)     "Creditor Trustee" shall mean **Larry Hyman**, the Creditor Trustee appointed to administer this Trust, and all successor Creditor Trustees.  The appointment of the Creditor Trustee is subject to Bankruptcy Court approval.

(e)     "Trust Beneficiaries" or "Beneficiaries" shall mean the holders of allowed unsecured claims as defined and provided for in the Plan;

(f)     "Trustee's Certificate" shall mean the certificate filed with the Bankruptcy Court on the Effective Date or as soon thereafter as is practicable identifying the initial corpus of the Trust.

(g)     "Trust Estate" shall mean all of the Debtors' rights, titles and interests in and to:  (i) the Reserved Property; (ii) the Reserved Causes of Action (iii) all property held from time to time by the Creditor Trustee under this Agreement; (iv) the products and proceeds of all of the foregoing whether through sale, disposition, judgment or

4

decree in connection therewith; and (v) interest or other earnings on any of the foregoing. The Trust Estate shall not include any assets sold to Rotate Black, LLC, or paid out, distributed or disposed of by the Creditor Trustee in accordance with this Agreement or the Plan after the date of any such payment, distribution or disposition.

1.4  **Other Definitions.**  All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

## ARTICLE 2

## NATURE OF TRANSFER

2.1  **Purpose of Creditor Trust.**  The Creditor Trust is created solely to implement the terms of the Plan. The purposes of the Creditor Trust are to manage, conserve and protect the value of the Trust Estate for the benefit of the Beneficiaries, including, but not limited to:  (i) collecting and liquidating the Trust Estate; (ii) pursuing those claims and causes of actions vested in the Trust Estate; and (iii) distributing to the Beneficiaries all proceeds from the liquidation of the Trust Estate pursuant to the terms of the Plan. Under no circumstances shall the Creditor Trustee have any power to engage in any trade or business or any other activity except as specifically provided herein or otherwise reasonably necessary and advisable for the orderly liquidation and distribution of the Trust Estate.  The Creditor Trustee will make continuing efforts to dispose of the Trust Estate, make timely distributions, and not unduly prolong the duration of the Creditor Trust.

2.2  **Grantor Trust.**  The Creditor Trust created by this Agreement is intended: (i) to be a trust governed and construed in all respects as a creditor trust pursuant to Section 301.7701-4(d) of the United States Treasury Regulations and as a grantor trust in favor of the Beneficiaries pursuant to section 1.671-4(a) thereof; and (ii) to comply with the requirements of a creditor trust, which is a grantor trust, as set forth in Revenue Procedure 94-45, 1994-2 C.B. 684.

2.3  **Liabilities of the Debtors.**  The Creditor Trustee, solely for and on behalf of the Creditor Trust, shall utilize all or such part of the Trust Estate as may be necessary to, and shall pay any

and all allowed unsecured claims in accordance with the Plan subject to the payment of operating expenses for the protection and distribution of payments to unsecured creditors, including reimbursement to Rotate Black, out-of-pocket expenses, legal and accounting fees.

2.4     **Representative of the Debtors**.  For the purpose of exercising or carrying out his duties, the Creditor Trustee shall be deemed to be a "representative" of the Debtors' estates within the meaning of 11 U. S. C. § 1123(b)(3)(B).

## ARTICLE 3

## BENEFICIARIES

3.1     **Rights of Beneficiaries**.   Each Beneficiary shall be entitled to participate in the rights and benefits due to a Beneficiary hereunder. The interest of each Beneficiary in the Creditor Trust is declared to be and shall be in all respects personal property of such Beneficiary and upon the death of an individual Beneficiary, his or her interest shall pass to his or her legal representative and such death shall not terminate the Creditor Trust or otherwise affect the validity of this Agreement. Each Beneficiary shall have the rights with respect to the Trust Estate as are provided by this Agreement and the Plan.  No widower, widow, heir, or devisee of any individual who may be a Beneficiary shall have any right of homestead, inheritance, or of partition, or any other right, statutory or otherwise, in any property whatever forming a part of the Trust Estate, but the whole title to all the Trust Estate shall be vested in the Creditor Trustee. The sole interest of each Beneficiary shall be the rights and benefits given to such person under the Plan and this Agreement.

3.2     **Transfer of Interests of Beneficiaries**.  No interest of a Beneficiary may be transferred either by the Beneficiary in person or by a duly authorized agent or attorney, or by the properly appointed legal representative of the Beneficiary except as otherwise permitted by the Agreement and Plan.   In the event of the transfer of the interest of any Beneficiary, as permitted by this Agreement and Plan, the transferee shall take and hold such interest subject to the terms and provisions of this Agreement and shall give written notice of such transfer to the Creditor

Trustee. The Creditor Trust shall not be required to issue certificates or other instruments representing or evidencing the interests of a Beneficiary in the Creditor Trust, but nothing contained herein shall prohibit it from doing so. The Creditor Trustee shall not be liable to any transferee of an interest of a Beneficiary for any distributions provided for hereunder unless such transfer is valid under the terms of the Plan and the order confirming same, and until the Creditor Trustee receives written notice of such transfer together with appropriate assignment and transfer documents signed by the Beneficiary.

3.3    **Beneficiary Information**.  The Creditor Trustee may rely upon information relating to each Beneficiary as it appears in records of the Bankruptcy Court.  In the absence of information in Bankruptcy Court records, the Creditor Trustee may rely upon information as it appears in records of the Debtors on the date of this Agreement.  A Beneficiary may provide address or other information to the Creditor Trust by notifying the Trust in writing.

3.4    Upon receipt by the Creditor Trustee of appropriate assignment or transfer documents signed by a Beneficiary or his or her duly appointed representative, the Creditor Trustee shall record such assignment or transfer on the books and records of the Creditor Trust and shall treat such transferee as a Beneficiary for all purposes hereunder in accordance with such assignment or transfer from and after the date the Creditor Trust receives such notice. Thereafter, the Creditor Trust shall have no further liability or obligation to the transferor Beneficiary unless provided otherwise in the assignment or transfer documents.

ARTICLE 4

DURATION OF TRUST ESTATE

4.1    **Duration**. The Creditor Trust shall remain in existence and continue in full force and effect until all of the following shall have occurred: (i) the Trust Estate has been reduced to cash or the Creditor Trustee has determined that it is impractical or not in the best interest of the Beneficiaries of the Creditor Trust to reduce Creditor Trust property to cash; (ii) all costs, expenses and obligations incurred in administering the Creditor Trust have been paid; (iii) the

7

Trust Estate has been distributed to the Beneficiaries in accordance with the Plan; and (iv) the Bankruptcy Court has entered a final decree closing the Case. If the foregoing events have not occurred by three years after the Confirmation Date, then three years after the Confirmation Date shall be fixed as the termination date of the Creditor Trust. It is specifically provided, however, that the Bankruptcy Court may extend the term of the Creditor Trust for a finite period of time upon a finding that the extension is necessary to the liquidating purpose of the Creditor Trust. Each extension of the termination date of the Creditor Trust must be approved by the Bankruptcy Court within six (6) months of the beginning of the extended term.

## ARTICLE 5

## ADMINISTRATION OF TRUST ESTATE

5.1 **Sale of Trust Estate**. The Creditor Trustee may, at such times and in such manner as he may deem appropriate, transfer, assign, or otherwise dispose of all or any part of the Trust Estate.

5.2 **Payment of Interest to Beneficiaries**. The Creditor Trustee shall hold the Trust Estate without provision for, or the payment of interest to any Beneficiary except to the extent prescribed under the Plan.

5.3 **Payment of Claims, Expenses and Liabilities and the Reserve Amounts**. The Creditor Trustee shall pay from the Trust Estate all claims, expenses, charges, liabilities, and obligations of the Trust Estate, whether civil or otherwise, and all liabilities and obligations which the Creditor Trustee, on behalf of the Creditor Trust, has specifically assumed and agreed to pay pursuant to paragraph 2.3 of this Agreement, together with such transferee liabilities which the Creditor Trust may be obligated to pay as transferee of the Trust Estate, including without limitation, interest, taxes, assessments, and public charges of every kind and nature, and the costs, charges, and expenses connected with or arising out of the execution or administration of this Creditor Trust, and such other payments and disbursements as are provided in this Agreement or which may be determined to be a proper charge against the Trust Estate by the Creditor Trustee or by any court of competent jurisdiction. In addition, the Creditor Trustee may

make provision out of the Trust Estate for a reserve fund to pay present or future claims, expenses and liabilities of the Trust, whether fixed or contingent, known or unknown. Notwithstanding anything in the Creditor Trust to the contrary, the Creditor Trustee shall reimburse Rotate Black, LLC as provided in the Plan and pay all reasonable and necessary costs of administering the Creditor Trust from the funds to be ultimately distributed to the Beneficiaries. The Creditor Trust is not permitted to receive or retain cash or cash equivalents in excess of a reasonable amount to meet claims, contingent liabilities (including disputed claims and operating expenses) or to maintain the value of the assets during liquidation.

5.4     **Federal Income Tax Information**. As soon as practicable after the close of each calendar year, but in no event later than March 15th following the close of the calendar year, the Creditor Trustee shall mail to each Beneficiary of record during such year, a statement showing information sufficient for each Beneficiary to determine its share of income, deductions and credits for federal income tax purposes in accordance with Sections 1.671-4(a) and 1.671-4(b)(3) of the United States Treasury Regulations.

5.5     **Required Filing**. The Creditor Trustee shall prepare and file with appropriate state and federal agencies and authorities, all such documents, forms, reports and returns (including, but not limited to, state and federal income tax returns) as the Creditor Trustee shall, with the advice and assistance of professionals engaged by the Creditor Trustee, including but not limited to legal counsel and accountants, deem necessary, required or appropriate in connection with the creation, existence, operation or termination of the Creditor Trust. The Creditor Trustee shall file returns for the Creditor Trust as a grantor trust pursuant to Sections 1.671-4(a) and 1.671-4(b)(3)(ii) of the United States Treasury Regulations.

5.6     **Tax Attributes and Tax Characteristics of the Trust**. The Beneficiaries of the Creditor Trust shall be treated as its grantors and deemed owners. The Creditor Trustee shall file tax returns for the Creditor Trust as a grantor trust pursuant to § 1.671-4(a), or (b) as appropriate, of the United States Treasury Regulations. Accordingly, all earnings of the Creditor Trust,

including earnings retained in reserve accounts, if any, will be allocated to the Beneficiaries on an annual basis and the Beneficiaries shall be responsible to report and pay the taxes due on its proportionate share of the Creditor Trust income whether or not amounts are actually distributed by the Creditor Trustee to the Beneficiaries to pay the taxes. The value of the assets transferred into the Creditor Trust shall be the fair market value of such assets at the time of such transfer. The assets transferred to the Creditor Trust shall be valued consistently by all parties including, but not limited to the Debtor and all Beneficiaries, and these valuations will be used for federal income tax purposes.

5.7    **Revenue Ruling Requests**. The Creditor Trustee on behalf of Beneficiaries shall file a ruling request (in accordance with the procedures set forth in Rev. Pro, 94-45, 1994-2 C.B. 684) with the Internal Revenue Service to have the Creditor Trust classified as a creditor trust as described in Treas. Reg. § 301.7701-4(d). If the ruling request is approved, the Creditor Trust will qualify for tax treatment as a grantor trust in accordance with the relevant provisions of Subpart E of Part I of Subchapter J of the Code.

## ARTICLE 6

## DISTRIBUTIONS TO BENEFICIARIES AND RELATED MATTERS

6.1    **Allowed Claims**. The Creditor Trustee shall make the distributions to the holders of allowed unsecured claims pursuant to the Plan. The maximum aggregate distributions to the holders of such Allowed Claims shall be payment in full of the Allowed Claims. The Creditor Trustee shall distribute at least one time each year to the Beneficiaries the net income accrued on the Trust Estate through the date of such distribution plus all of the net proceeds from the disposition of the assets after setting aside appropriate amounts for the future anticipated expenses of the Creditor Trust.

6.2    **Unclaimed Distribution**. If a holder of an allowed unsecured claim fails to negotiate a check issued to such holder within six (6) months of the date such check was issued, then the amount of cash attributable to such check shall be deemed to be an unclaimed distribution in

respect of such claim and the payee of such check shall be deemed to have no further claim in respect of such check. Thereafter, all right, title, and interest therein shall vest in the Creditor Trust, which shall distribute such unclaimed distribution among the holders of allowed unsecured claims in accordance with the Plan.

6.3 **Inaccurate Address**. If a distribution of cash made pursuant to the Plan and this Creditor Trust to any holder of an allowed unsecured claim is returned to the Creditor Trustee due to an incorrect or incomplete address for the holder of such allowed claim, then the Creditor Trustee shall use reasonable efforts to obtain an accurate address for such holder. If, after one (1) year from the initial mailing by the Creditor Trustee, such reasonable efforts have not produced an accurate address for such holder, then the cash to be distributed to such holder shall be deemed to be an unclaimed distribution with respect of such claim and such holder shall be deemed to have no further claim in respect of such distribution and shall not participate in any further distributions under the Creditor Trust or the Plan unless and until the holder of the claim provides accurate address information to the Creditor Trust.

6.4 **Tax Withholding**. The Creditor Trust may withhold from any distribution any amount that it determines must be withheld under applicable law for taxes payable by the person or entity entitled to the distribution.

6.5 **De Minimis Amount**. In the event that a distribution on account of an allowed unsecured claim is less than Fifty Dollars ($50.00), the Creditor Trust need not make such de minimis distribution, but may accumulate such distributions and make a distribution to the claimant on a distribution date when the amount exceeds $50.00. If the amount of the final distribution is less than $50.00, then the Creditor Trustee shall make no distribution to that creditor.

## ARTICLE 7

## POWERS OF AND LIMITATIONS ON THE CREDITOR TRUSTEE

7.1 **Limitations on Creditor Trustee**. The Creditor Trustee shall not do any act or undertake any activity unless he determines, in good faith, that such act or activity is desirable, necessary or

appropriate for the management, conservation and protection of the Trust Estate. The investment powers of the Creditor Trustee are limited to the powers to invest temporarily cash portions of the Trust Estate in demand and time deposits in banks or savings institutions, or temporary investments such as short-term certificates of deposit or Treasury bills or money market funds. The Creditor Trustee shall be restricted to the holding, liquidation and collection of the Trust Estate and the payment and distribution thereof for the purposes set forth in this Agreement and in the Plan and to the conservation and protection of the Trust Estate and administration thereof in accordance with the provisions of this Agreement and the Plan.

7.2 **Specific Powers of Creditor Trustee.** Subject to the limitations of paragraphs 2.1 and 7.1, the Creditor Trustee shall have the following specific powers in addition to any powers granted by applicable law or conferred upon him by any other provision of this Agreement and the Plan, except as may be considered inconsistent with the Plan, this Agreement or a trust created in accordance with Treas. Reg. §301.7701-4(d); provided, however, that enumeration of the following powers shall not be considered in any way to limit or control the power of the Creditor Trustee to act as specifically authorized by any other provisions of this Agreement or the Plan and to act in such manner as the Creditor Trustee may deem necessary or appropriate to discharge all obligations of or assumed by the Creditor Trust or provided herein and to conserve and protect the Trust Estate or to confer on the Beneficiaries the benefits intended to be conferred upon them by this Agreement and the Plan:

(a) to determine the terms on which the Trust Estate or portions thereof should be sold or disposed of;

(b) to collect and receive any and all money and other property of whatsoever kind or nature due to or owing or belonging to the Creditor Trust and to give full discharge acquittance therefor, without further court approval or order;

(c) pending sale or other disposition or distribution, to retain any and all of the Trust Estate regardless of whether any portion thereof is, or may become, unproductive

or a wasting asset. The Creditor Trustee shall not be under any duty to reinvest such part of the Trust Estate as may be in cash, or as may be converted into cash; nor shall the Creditor Trustee be chargeable with interest thereon except to the extent that interest may be paid to the Creditor Trust on such cash amounts;

(d)     to retain and set aside such funds out of the Trust Estate as the Creditor Trustee shall deem necessary or expedient to pay or provide for the payment of: (i) the Litigation Reserve; and (ii) unpaid claims, liabilities, debts or obligations of the Creditor Trust;

(e)     to do and perform any acts or things necessary or appropriate for the management, conservation and protection of the Trust Estate, including acts or things necessary or appropriate to maintain assets held by the Creditor Trustee pending sale or other disposition thereof or distribution thereof to the Beneficiaries, and in connection therewith, to employ such agents, and to confer upon them such authority as the Creditor Trustee may deem expedient, and to pay fees and expenses therefor;

(f)     to cause any investment of the Trust Estate to be registered and held in the name of the Creditor Trustee or in the names of a nominee or nominees, or in the names of a nominee or nominees of another entity, without increase or decrease of liability with respect thereto;

(g)     to prepare, file, assert, commence and prosecute, or continue to prosecute any and all litigation causes of action relating to the Reserved Causes of Action;

(h)     to take such other action, in the name of the Creditor Trust if required, as the Creditor Trustee may deem necessary or desirable to prosecute causes of action forming a part of the Trust Estate;

(i)     to perform any act authorized, permitted, or required of the Debtors and/or the Trustee or Creditor Trust to prosecute any causes of action relating to or forming a

part of the Trust Estate whether in the nature of an approval, consent, demand, or notice thereunder or otherwise;

      (j)    to settle or compromise causes of action forming a part of the Trust Estate in the manner deemed appropriate by the Creditor Trustee, without further court order or approval;

      (k)    to enter into such consulting or employment arrangements or otherwise retain such accountants, agents, attorneys, consultants, staff or independent contractors as the Creditor Trustee shall deem necessary, desirable and appropriate to enable the Creditor Trust to accomplish the purposes enumerated in this Agreement and the Plan;

      (l)    to make the distributions provided for in the Plan and Creditor Trust;

      (m)    the Creditor Trustee may enter into a compromise or settlement without court approval or order;

      (n)    the Creditor Trustee shall have entire control and management of the Trust Estate, including the right to abandon the Reserved Property or any Reserved Cause of Action. The Creditor Trustee may also sell any property comprising the Trust Estate on such terms and at such times and on such conditions as he may think best, and he may execute, acknowledge and record any and all instruments necessary or convenient for the purposes of this Creditor Trust. He may make any and all such contracts and do any and all such things as he thinks are necessary, desirable or convenient for the maintenance, management and operation of the Creditor Trust and Trust Estate and is authorized to reimburse Rotate Black for the Litigation Reserve or pay any expenses necessary to the conduct and operation of this Creditor Trust out of the Trust Estate, without the necessity of court approval or order.

## ARTICLE 8

## CONCERNING THE CREDITOR TRUSTEE

8.1 **Generally**. The Creditor Trustee accepts and undertakes to discharge the trust created by this Agreement upon the terms and conditions hereof. In performing his duties, the Creditor Trustee may rely on information reasonably believed by him to be accurate and reliable.

8.2 **Reliance by Creditor Trustee**. Except as otherwise provided in paragraph 8.1:

(a) the Creditor Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by him to be genuine and to have been signed or presented by the proper party or parties; and

(b) the Creditor Trustee may consult with and retain legal counsel and other professionals to be selected by him, and the Creditor Trustee shall not be liable for any actions taken or suffered by him in accordance with the advice of such counsel, and may also consult with accountants and former consultants or advisors of the Debtor, the Committee, present and former officers, directors and consultants of the Debtor's affiliates or subsidiaries. The fees of such legal counsel and other professionals for the Creditor Trustee shall be paid from the Trust Estate, without the need for further court approval or order..

8.3 **Indemnification**. The Creditor Trustee and Creditor Trust's attorneys and other agents shall be and hereby are held harmless by and indemnified by the Trust and the Trust Estate for any and all claims, losses, expenses (including attorneys' fees and expenses), liabilities, actions, cause of action, and all fees and expenses related thereto arising out of or in any way related to any claim arising from the administration of the Creditor Trust. The Creditor Trustee may contract in such a manner that the Creditor Trustee is exempt from personal liability and that liability is limited to the Trust Estate. The foregoing notwithstanding, the Creditor Trustee shall be personally liable to the Trust, Beneficiaries or third parties for bad faith, breach of fiduciary duty, dishonesty, recklessness, gross negligence, fraud, or other similar acts. This

indemnification obligation also includes costs and expenses, including attorneys' fees and expenses, incurred to enforce this indemnity provision.

8.4     **Bond**. The Creditor Trustee shall serve without bond.

## ARTICLE 9

## PERSONS DEALING WITH THE CREDITOR TRUSTEE

9.1     **Creditor Trustee Not Personally Liable**. Persons dealing with the Creditor Trustee shall look only to the Trust Estate to satisfy any liability incurred by the Creditor Trustee to such person in carrying out the terms of this Creditor Trust, and the Reorganized Debtor and/or the Creditor Trustee shall have no personal or individual obligation to satisfy any such liability.

9.2     **Authority of Creditor Trustee**. Any person dealing with the Creditor Trustee shall be fully protected in relying upon the Creditor Trustee's certificate signed by the Creditor Trustee that such Creditor Trustee has authority to take any action under this Agreement.

## ARTICLE 10

## COMPENSATION

10.1    **Compensation of Creditor Trustee**. The Creditor Trustee shall be compensated as follows:

        a.     for services provided, the Creditor Trustee shall be compensated at the rate of $250.00 per hour (with time records to be maintained and paid on a 1/10 hour basis), and the Creditor Trustee shall keep time records reflecting the time incurred for which he is being compensated; and

        b.     the Creditor Trustee shall be compensated for reasonable out of pocket expenses incurred in connection with the Creditor Trustee's administration of the Creditor Trust.

## ARTICLE 11

## CREDITOR TRUSTEE AND SUCCESSOR CREDITOR TRUSTEE

11.1    **Resignation and Removal**. The Creditor Trustee may: (i) resign and be discharged from the Creditor Trust hereby created only by filing an appropriate motion in and obtaining an order of the Bankruptcy Court setting forth the reason therefor; or (ii) be removed by the Trust Beneficiaries, through Beneficiary consent, by filing an appropriate motion with and obtaining

an order from the Bankruptcy Court directing such removal; provided, however, that the Creditor Trustee can only be removed for good cause shown. In the event of a resignation or removal, the Creditor Trustee shall continue to perform his duties hereunder until such a time as a successor is appointed unless he is capable of doing so or the Bankruptcy Court orders otherwise.

11.2 **Appointment of Successor**. Should the Creditor Trustee resign or be removed, or die or become incapable of action, a vacancy shall be deemed to exist. In the event of such a vacancy, the Beneficiaries shall have the right to select a successor by consent. The successor Creditor Trustee must be approved by the Bankruptcy Court upon proper motion. In the event the Beneficiaries are not able to, or choose not to select a successor, then upon motion to the Bankruptcy Court by any party in interest, the Bankruptcy Court shall select a successor. The compensation, if any, of the successor Creditor Trustee shall be as stated in the instrument evidencing such successor Creditor Trustee's appointment.

11.3 **Acceptance of Appointment by Successor Creditor Trustee**. Each successor Creditor Trustee appointed hereunder shall execute an instrument accepting such appointment along with a bond in the amount specified in this Agreement. Thereupon, such successor Creditor Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trust, and duties of his or its predecessor in the Creditor Trust hereunder with like effect as if originally named therein; but the prior Creditor Trustee shall nevertheless, when requested in writing by the successor Creditor Trustee, execute and deliver any instrument or instruments conveying and transferring to such successor Creditor Trustee upon the Creditor Trust herein expressed, all the estates, properties, rights, powers, and trusts of such prior Creditor Trustee, and shall duly assign, transfer, and deliver to such successor Creditor Trustee all property and money held by him hereunder. Notwithstanding the appointment of a successor Creditor Trustee, the prior Creditor Trustee shall, without limitation, continue to be entitled to indemnity as provided in this Agreement.

**ARTICLE 12**

## CONCERNING THE BENEFICIARIES

12.1 **Limitation on Suits by Beneficiaries**. No Beneficiaries shall have any right by virtue of any provision of this Agreement to institute any action or proceeding at law or in equity against any party upon or under or with respect to the Trust Estate.

12.2 **Requirement of Undertaking**. The Creditor Trustee may request any court to require, and any court may in its discretion require, in any suit for the enforcement of any right or remedy under this Agreement, or in any suit against the Creditor Trustee for any action taken or omitted by the Creditor Trustee, that the filing party in such suit file with the court an undertaking under which the filing party agrees to pay the Creditor Trust's costs of such suit, including, but not limited to reasonable attorneys' fees and expenses. Before requiring an undertaking, the court may consider the merit and good faith of the claims or defenses made by such filing litigant.

12.3 **Beneficiary Consent**. Wherever "beneficiary consent" is required under this Agreement, such consent shall be deemed to have been met when a majority in number and two-thirds in dollar amount of the Beneficiaries who vote, vote in favor of the relief requested. For voting purposes, each Beneficiary shall have one vote notwithstanding the number of claims he may have and the dollar amount attributable to such Beneficiary shall be the dollar amount of the Beneficiary's interest in the Trust Estate as of the date of the vote.

## ARTICLE 13

## AMENDMENTS

13.1 **Amendments**. The Creditor Trustee may make and execute such declarations amending this Agreement for the purpose of adding any provisions to or changing in any manner or eliminating any of the provisions of this Agreement or amendments hereto; provided, however, that no such amendment shall permit the Creditor Trustee to act in any manner which is incon- sistent with the Plan, or engage in any activity prohibited by paragraph 7.1 hereof or to affect the Beneficiaries' rights to receive their share of any distributions under this Agreement and the Plan.

13.2 **Notice and Effect of Amendment**. Promptly after the execution by the Creditor Trustee of any declaration of amendment permitted by and pursuant to paragraph 13. 1 hereof, the Creditor Trustee shall give notice of the substance of such amendment to: (i) the Beneficiaries who are the holders of the twenty largest allowed unsecured claims; (ii) all parties that filed requests for notice or notices of appearance in the Reorganization Cases; and (iii) all Beneficiaries who request in writing a copy of such amendments. Upon the execution of any such declaration of amendment by the Creditor Trustee, this Agreement shall be deemed to be modified and amended in accordance therewith and the respective rights, limitations of rights, obligations, duties and immunities of the Creditor Trustee and the Beneficiaries under this Agreement shall thereafter be determined, exercised and enforced hereunder subject in all respects to such modification and amendment.

## ARTICLE 14

## MISCELLANEOUS PROVISIONS

14.1 **Further Assurances**. The Debtor and Creditor Trustee shall promptly execute and deliver such further instruments and do such further acts as may be necessary or proper to more effectively transfer to the Creditor Trustee any portion of the Trust Estate intended to be conveyed pursuant to the Plan and this Agreement and to otherwise carry out the intentions of this Agreement and Plan.

14.2 **Retention of Jurisdiction**. The Bankruptcy Court shall retain jurisdiction over this Agreement and the Creditor Trust established hereby as set forth in the Plan, and concerning matters relating to, without limitation, the enforcement, modification and interpretation of its provisions, determining all disputes with respect to this Agreement, approving successor Creditor Trustees, or appointing same in accordance with this Agreement.

14.3 **Filing Documents**. This Agreement shall be filed or recorded in such offices as the Creditor Trustee may determine to be necessary or desirable. A copy of this Agreement and all amendments shall be available at the Creditor Trustee's office during regular business hours for

inspection by any Beneficiary or his duly authorized representative. The Creditor Trustee shall file or record any amendment of this Agreement in the same places where the original Agreement is filed or recorded. The Creditor Trustee shall file or record any instrument which relates to any change of address of the office of the Creditor Trustee in the same places where the original Agreement is filed or recorded.

14.4 **Intention of Parties to Establish Trust**. This Agreement is not intended to create and shall not be interpreted as creating an association, partnership, or joint venture of any kind.

14.5 **Governing Law**. This Agreement shall be governed and construed in accordance with the laws of the State of Florida, without giving effect to the principles of conflicts of law.

14.6 **Severability**. In the event any provision of this Agreement or the application thereof to any person or circumstances shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Agreement shall be valid and enforced to the fullest extent permitted by law.

14.7 **No Assignment**. Except as otherwise provided herein, the obligations, duties or rights of the Creditor Trustee under this Agreement shall not be assignable, voluntarily, involuntarily or by operation of law, and any such attempted assignment shall be void.

14.8 **Calendar Year**. The Creditor Trust will utilize the calendar year for tax and financial accounting purposes.

14.9 **Inconsistency With Plan**. In the event of any inconsistency between the provisions of the Plan and this Agreement, the terms of the Plan shall govern.

14.10 **Effectiveness**. This Agreement shall become effective on the Effective Date.

14.11 **Notices**. Any notice or other communication hereunder shall be deemed to have been sufficiently given, for all purposes, three days after deposit, postage prepaid, in the U.S. Mail and addressed to a Beneficiary at his address as shown in the records of the Creditor Trustee, and

addressed to the Creditor Trustee at: P.O. Box 18614 Tampa, FL 33679, Attn.: Larry Hyman, except that notice of change of address shall be effective only upon receipt thereof.

14.12 **Consent to Jurisdiction**. Each of the parties hereto, and each Beneficiary by its acceptance of the benefits of the Creditor Trust created hereunder: (i) consents and submits to the jurisdiction of the federal courts of the United States for the Middle District of Florida, Tampa Division for all purposes concerning this Agreement, including, without limitation, any action or proceeding instituted for the enforcement of any right, remedy, obligation or liability arising under or by reason of this Agreement; and (ii) consents and submits to venue in Tampa, Florida.

14.13 **Waiver of Jury Trial**. **ANY AND ALL RIGHT TO TRIAL BY JURY IS HEREBY WAIVED, AND THERE SHALL BE NO RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.**

14.14 **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be an original, but such counterparts shall together constitute but one and the same instrument.

14.15 **IN WITNESS WHEREOF**, the parties have caused this Agreement to be signed and acknowledged as of the day set forth in the opening paragraph hereof.

**DEBTORS**

**Bevsystems International, Inc.**


By: _____
Name:
Title:  President

**Bevsystems International, Ltd..**


By: _____
Name:
Title:  President

**Bevsystems International, Ltd..**

**TRUSTEE**


By: _____
Name: Larry S. Hyman


**CREDITOR TRUSTEE**

By: _____
Name: Larry S. Hyman

<u>**ACKNOWLEDGMENTS**</u>

State of Florida            §
                            §
County of _____       §

     Subscribed to and sworn before me on this ____ day of _____, 2006, Lee  as
of , Bevsystems International, Inc. and Bevsystems International, Ltd.

                                By:___
                                Name:_
                                Title: <u>Notary Public, State of Florida</u>


State of Florida            §
                            §
County of _____       §

     Subscribed to and sworn before me on this ____ day of _____, 2006
by Larry S. Hyman as Trustee and Creditor Trustee of the Bevsystems International Creditor
Trust.

                                By:___
                                Name:_
                                Title: <u>Notary Public, State of Florida</u>